Totten, J.,
delivered the opinion of the Court.
The plaintiff recovered two judgments against defendant before a magistrate, and executions thereon were placed in the hands of H. Scroggs, a constable, on which it appears there were levies, but no sale, by order of the plaintiff. Some years after, alias executions were issued, and thereon, they were superseded as to part of the debt, by proceedings in the Circuit Court of Jefferson, where, on an issue of payment before a jury, the verdict was that the alledged payment had been made.
The defendant, in his petition, makes no point on the levy, which might otherwise be considered a satisfaction, and we are left to presume, that the levy was waived by agreement of the parties. But he claims a credit for money paid to the *68 constable, as defendant alledges to be applied to these judgments.
To prove this payment, defendant introduced Travillian and Ritchey, who testify as to a conversation between defendant and Scroggs, the constable, as to a payment and receipt therefor, made some time previously. The conversation was of a previous transaction, and it does not appear that Scroggs was then acting in his office ior plaintiff, or that he was then acting as agent of plaintiff, but the contrary. Scroggs’ deposition was taken, and he denies any such payment on the judgments in question. On his examination he was not called upon to say, whether he had had the conversation referred to by the other witnesses. The Court gave judgment for defendant, and the plaintiff has appealed in error to this Court.
It is here objected, first, that the evidence of the admissions of Scroggs, the constable, was incompetent; second, that there is a decided and evident preponderance of proof against the alledged payment.
As to the first question, the rule is, that, “ where the acts of the agent will bind the principal, then, the representations, declarations and admissions, respecting the subject matter, will also bind him, if made at the same time, and constituting part of the res gestee.” They are verbal facts, in the nature of original and not hearsay evidence, and may be proved by another as well as by the agent himself. If therefore, the act of the agent is admissible in evidence, what he said in relation to it, while performing the act, is likewise admissible.
Such being the rule, it necessarily follows, that after the agency has ceased, or after the transaction in w'hich the person had the right to act, and did act as agent, the admissions of the agent are not to be taken as the admissions of the principal, but as hearsay merely.
*69 If a. party desire to prove the admissions of a supposed agent against a principal, it is incumbent on him first, to prove the facts which render such admissions competent, according to the rule before stated, otherwise the evidence should be rejected. See 1 Greenleaf’s Ev. sec. 113, Story on Agency, sec. 134, Garth vs. Howard, 8, Bing. 451, Stiles vs. Western Rail Road Company, 8, Met. 44.
Now, in the case before us, it does not appear, that, at the time of the conversation and admissions of Scroggs, before stated, he was acting either in his office for the plaintiff, or as agent for the plaintiff, in collecting his debt; but on the contrary, it appears that the conversation was of a transaction and business which had occurred sometime before, in regard to which it is to be presumed, his agency had ceased, and there is certainly nothing to show that it yet continued at the time of the conversation. We think it very clear therefore, that the testimony of those witnesses, was, on this ground, incompetent, and that the objection taken to it, should have been sustained.
Nor was their testimony competent, in the present state of the case, to discredit or impeach the evidence of Scroggs, the plaintiff’s witness, who deposed in regard to the alledged payment, and declared that no such payment on the plaintiff’s debt, had'been made. To impeach this witness, by the statement of the others, it was first necessary to call his attention to his alledged conversation and admissions, and to ask him if he had held that conversation or made those admissions. If he answered by a denial, it would then be competent to impeach his credit before the jury, by proving the conversation and admissions, but not otherwise. It would be a manifest injustice to the party and the witness to impeach his character, by proof of statements made on other occasions, without first calling his attention to them, and giving him an opportunity to explain their true nature and character. It *70 might appear from such explanation, that the conversation or statement was unimportant in itself, or that it had been wholly misunderstood, or misconceived by the impeaching' witnesses. If then, it be proposed to contradict and impeach the witness, by proving that he had made statements out of Court different from those to which he now testifies, it is first necessary to ask him as to the “time, place and person, involved in the supposed contradiction,” and not generally, whether he had ever said so and so, or always made the same statement. And it is further to be observed, that it is only in regard to “ matters relevant to the issue, that the witness can thus be contradicted.” See 1 Grenl. Ev. sec. 462, Cowen and Hill’s note to 1 Phil. Ev. note 533, the Queen’s Case, 2 Brod. and Bing. 313, Regina vs. St. George 9 C. and P. 489.
Now, in the present case, the defendant did not piopose any such testimony, nor ask the plaintiff’s witness any question as to said alledged conversation or admission about the payment. If he had done so, and the witness had denied the conversation, it would then, have been competent to prove it by the other witnesses.
In the next place, we are strongly inclined to think, from the testimony in the record, that the alledged payment was not in fact, made. The true state of the case most probably was, that a payment made for another purpose, and to be applied to other debts, was, by misapprehension of the facts, made to apply as a credit to plaintiff’s debt. This matter will, however, be again submitted to the Circuit Court, on such proof as the parties may bring before it.
Let the judgment be reversed and the cause be remanded for further proceeding.